| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Roy R. Kranz<br>Special Agent: Killian Frisch, BIA | Telephone: (989) 895-5712<br>Telephone: (218) 308-4499 | |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.

Demarko Rayshawn Harrison

Case No. Case: 1:25−mj−30644
Assigned To : Morris, Patricia T.
Assign. Date : 10/16/2025
Description: CMP USA V. HARRISON (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 7, 2025__ in the county of __Isabella__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count 1: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) | Distribution over 50 grams of of a mixture or substance containing a detectable amount of Methamphetamine |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Killian Frisch, Special Agent, BIA
_____
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: 10/16/2025

_____
Judge's signature

City and state: Detroit, Michigan

Hon. Kimberly Altman, United States Magistrate Judge
_____
Printed name and title

# AFFIDAVIT

I, Killian Frisch, being first duly sworn on oath, states that:

1. I am a Special Agent employed with the Bureau of Indian Affairs-Division of Drug Enforcement, U.S. Department of Interior, and have been so employed since March 2021. I successfully completed the Criminal Investigations Training Program (CITP) at the Federal Law Enforcement Training Center (FLETC), Brunswick, Georgia. During these courses of study, I received training in the investigation of narcotics violations. Previously, I was a certified law enforcement officer in Michigan with the Saginaw Chippewa Tribal Police and the Central Michigan University Police Department for a total of five years. During which time, I spent one year on the Mid-Michigan Investigative Narcotics Team enforcing state and tribal narcotics violations. I personally investigated and assisted in numerous cases, which led to search warrants, arrests, prosecutions, and the seizure of large quantities of narcotics.  During my employment with BIA, I have conducted or participated in investigations related to the possession and manufacture narcotics in violation of Title 21 of the United States Code.

2. I make this affidavit from personal knowledge based on my participation in this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my review of relevant documents related to this investigation. The

1

information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

3. I am currently investigating Demarko Rayshawn HARRISON, date of birth 10/22/1989, for violations of 21 U.S.C. §841(a)(1) and 21 U.S.C. §841(b)(1)(B)(viii)–Distribution of over 50 grams of a mixture or substance containing a detectable amount of Methamphetamine.

4. On September 7, 2025, D/Sgt. May of Mid-Michigan Area Group Narcotics Team (MAGNET) acted in an undercover capacity to purchase methamphetamine, cocaine, and fentanyl from HARRISON. D/Sgt. May advised he has been communicating with HARRISON via text message and voice phone calls from phone number (248) 798-0538. A TLO search was conducted and that phone number came back to HARRISON.

5. D/Sgt. May advised he agreed to purchase and HARRISON agreed to sell approximately 2 ounces (56.7 grams) of methamphetamine for $500.00, approximately one ounce (28.35 grams) of cocaine for $850.00, and approximately 8.6 grams of fentanyl for $450.00. HARRISON informed D/Sgt. May he would front him, or give him without upfront payment, an additional ounce of methamphetamine.

6. Detective Gomez of the Michigan State Police gave D/Sgt. May $1,800 in pre-recorded buy funds (United States currency) to purchase the narcotics from HARRISON. D/Sgt. May and HARRISON agreed to meet in the parking lot of 1522 Canterbury Trail, Apartment 2F to conduct the drug transaction. It should be noted that upon a SOS check of HARRISON, he had recently changed his address to 1522 Canterbury Trail, Apartment 2F. Law enforcement surveillance was set up in the area prior to D/Sgt. May traveling to Canterbury Trail.

7. D/Sgt. May traveled to the area of Canterbury apartments where he then called HARRISON to let him know he was there. HARRISON told him to park next to his vehicle, a White Dodge Journey, MI plate # EXM9881. It should be noted this location is right in front of the door HARRISON uses to go to his apartment. D/Sgt. May saw HARRISON come out of the door to his apartment building and walk to D/Sgt. May's vehicle and got in the front passenger seat.

8. D/Sgt. May advises HARRISON entered his vehicle carrying a black leather backpack with a flap covering the main compartment and a draw string to tighten and open the bag. HARRISON placed his bag in his lap and opened it up, pulling a baggie containing other baggies of a crystalline substance and other baggies which were more difficult to see in the moment. However, the contents appeared to be consistent with what they agreed upon. In return D/Sgt. May provided HARRISON with the $1800.00 in pre-recorded buy funds. HARRISON

3

then gave May the suspected drugs. After short conversation and agreement to conduct future deals, HARRISON exited D/Sgt. May's vehicle and went directly to his vehicle where he placed the bag and entered the driver door of the vehicle. HARRISON then departed the parking lot.

9. The suspected narcotics were TruNarc tested after the controlled delivery. 8.6 grams of powder tested positive for the presence of Fentanyl Compound or Methamphetamine, 23.3 grams of a hard white substance tested positive for the presence of Cocaine Base, and 85.0 grams of a white crystal like substance tested positive for the presence of Methamphetamine.

10. I reviewed a copy of HARRISON's criminal history, which showed the following felony convictions:

    (a) 02/27/2007 – Felony police officer fleeing third degree

    (b) 12/12/2008– Felony armed robbery, habitual offender second offense, conspiracy armed robbery, felony car jacking, felony firearms, felony firearms short barreled shotgun/rifle, felony home invasion

    (c) 6/21/2023– Felony weapons-carrying concealed, felony weapons-ammunition

12. Based on the foregoing, I have probable cause to believe that on September 24, 2025, in the Eastern District of Michigan, Demarko R HARRISON

4

distributed 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(viii).

_____
Killian Frisch
Special Agent
Bureau of Indian Affairs

Sworn to before me and signed in my presence, and/or by reliable electronic means.

_____
Hon. Kimberly Altman
United States Magistrate Judge

October 16, 2025